**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4933

PHYLLIS WALLACE,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4999

JOE LOUIS CRAWFORD,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CR-96-66)

Submitted: August 25, 1998

Decided: September 23, 1998

Before ERVIN and NIEMEYER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randolph Marshall Lee, Charlotte, North Carolina; Leslie Carter Rawls, Charlotte, North Carolina, for Appellants. Mark T. Calloway, United States Attorney, Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Phyllis Wallace and Joe Louis Crawford ("Appellants") pleaded guilty to conspiracy to possess with the intent to distribute powder cocaine and crack cocaine within 1000 feet of a school, in violation of 21 U.S.C. §§ 846, 860 (1994). The district court sentenced Wallace to seventy-seven months' imprisonment followed by three years' supervised release. Crawford received 121 months' imprisonment followed by ten years supervised release. Appellants appeal their sentences. Appellants' attorneys have filed a joint brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting prosecutorial misconduct and ineffective assistance of counsel.

Wallace's attorney asserts that the district court abused its discretion by not departing further than it did under U.S. Sentencing Guidelines Manual § 5K1.1 (1997) ("USSG"). At sentencing, the Government moved for a downward departure pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e) (1994). The district court departed from a calculated sentencing range of 188 to 235 months to seventy-seven months.

A defendant may not appeal the extent of a downward departure when the resulting sentence is within the statutory limits and below the properly calculated sentencing guidelines range. See United States

2

v. Hill, 70 F.3d 321, 323-24 (4th Cir. 1995). Moreover, when the sentencing court has departed in the defendant's favor, 18 U.S.C. § 3742 (1994) does not provide for an appeal from the sentence. Only the government may appeal a downward departure. See 18 U.S.C. § 3742(b) (1994).

Wallace has filed a pro se supplemental brief. However, she does not raise any substantive issues that would alter the outcome of this appeal.

Crawford's attorney asserts prosecutorial misconduct in that the Government failed to move for a downward departure pursuant to USSG § 5K1.1. The decision to make a downward departure motion is within the sole discretion of the government and is not reviewable unless the government based its decision upon an unconstitutional factor, such as race. See Wade v. United States, 504 U.S. 181, 185-87 (1992). There is no evidence that the Government's failure to move for a departure was based on an unconstitutional motive. Rather, at sentencing, the Government presented evidence that Crawford violated conditions of his pre-trial release. Crawford admitted to smoking marijuana in violation of the terms of the pre-trial release. Crawford's plea agreement stated that even assuming Crawford provided substantial assistance, violation of the pre-trial release terms voided the agreement. Thus, this claim is without merit.

Crawford's attorney next asserts that Crawford received ineffective assistance of counsel. A claim of ineffective assistance of counsel is not properly raised on direct appeal unless the record discloses conclusively that defense counsel was ineffective. See United States v. Fisher, 477 F.2d 300, 302 (4th Cir. 1973): United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). The record establishes that at the plea hearing Crawford stated that he was satisfied with his attorney's services and failed to raise any objections concerning his attorney's performance throughout both the plea hearing and at sentencing. Because the record does not conclusively disclose that Crawford was denied effective assistance of counsel, the claim should be raised in a motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 1998). We therefore affirm both Wallace's and Crawford's sentences.

In accordance with the requirements of <u>Anders</u> , we have examined the entire record in each case and find no meritorious issues for appeal. This court requires that each counsel inform his client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4